| | |
|---|---|
| JAMIE DAVIS,<br><br>      Plaintiff,<br><br>v.<br><br>WELLPATH LLC<br><br>      Defendant. | **NOTICE OF REMOVAL** |

COMES NOW Defendant Wellpath LLC ("Wellpath") and, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action from the General Court of Justice for Mecklenburg County, North Carolina, Superior Court Division to the United States District Court for the Western District of North Carolina. As grounds for removal, Wellpath shows the following:

## I.     THE STATE COURT ACTION

1. Plaintiff commenced this action against Wellpath by filing the Complaint (the "Complaint") in the Superior Court of Mecklenburg County on May 8, 2024, where it is pending as Case No. 24-CV-030820-590 (the "State Court Action"). (*See* **Exhibit A** – Copies of documents and pleadings on file with the Superior Court of Mecklenburg County and served upon Wellpath).

2. The Complaint alleges that Wellpath discriminated and retaliated against Plaintiff Jamie Davis ("Plaintiff") in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII") (*See generally,* Compl.). Plaintiff alleges that she is owed actual,

compensatory, and punitive damages. *Id.* Plaintiff's allegations are denied, except for those facts necessary for the removal of this action, as discussed herein.

3. Plaintiff purported to serve Wellpath with the Summons and Complaint in Exhibit A on May 13, 2024.

4. Per 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Wellpath are attached hereto as **Exhibit A**.

## II. FEDERAL QUESTION JURISDICTION

5. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this action because Plaintiff alleges claims of discrimination and retaliation in violation of Title VII, which is a federal cause of action over which this Court has original federal question jurisdiction. *See* 28 U.S.C. § 1331. Thus, this action may be removed based on original federal question jurisdiction under 28 U.S.C. § 1441(a).

## III. SUPPLEMENTAL JURISDICTION

6. Plaintiff also alleges state law claims for wrongful discharge in violation of public policy, breach of contract, negligence, negligent retention, negligent supervision, and infliction of emotional distress.

7. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims, as the claims are "so related that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Thus, these claims may also be removed pursuant to 28 U.S.C. § 1441(c).

## IV. DIVERSITY JURISDICTION

8. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than

2

$75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

**A.  Complete Diversity of Citizenship**

9.  Plaintiff is a citizen of the State of North Carolina. (Compl. ¶ 1). "For purposes of establishing diversity jurisdiction, a natural person's citizenship is determined by domicile." *Hanks v. Coan*, No. 1:99CV00119, 1999 WL 1938851, at *1 (M.D.N.C. Aug. 17, 1999). A person's "domicile is an individual's place of residence." *Hollowell v. Hux*, 229 F.Supp. 50, 52 (E.D.N.C. 1964). Here, the Complaint admits that the Plaintiff "is a citizen of North Carolina and resides in Mecklenburg County." (Compl. ¶ 1).

10.  For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 121 (4th Cir.2004).

11.  Wellpath, LLC, is a Delaware limited liability company, wholly owned by Justice Served Health Holdings, LLC (a Delaware limited liability company). Justice Served Health Holdings, LLC's sole member is Wellpath Holdings, Inc. (a Delaware corporation). No publicly held corporation owns 10% or more of Wellpath Holdings, Inc. Therefore, Wellpath LLC is a citizen of Delaware.

12.  As such, there is complete diversity between the Plaintiff and Wellpath in this case.

**B.  Amount in Controversy Exceeds $75,000**

13.  A federal district court has jurisdiction over civil actions when there is diversity among the parties and the matter in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Courts look to a plaintiff's complaint to determine the amount in controversy, provided the complaint is

3

made in good faith. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (citing *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981)). In North Carolina, however, a plaintiff must plead for judgment above a certain dollar amount, "making it difficult to determine the exact amount in controversy" from the initial pleading. *Lamb v. Delgado*, W.D.N.C. No. 1:23-CV-00109-MR-WCM, 2023 WL 5539017, at *2 (W.D.N.C. Aug. 28, 2023).

14. When a plaintiff's complaint leaves the amount of damages unspecified, "[t] he key inquiry in determining whether the amount-in-controversy requirement is met is not whether the plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation." *Scott v. Cricket Communications, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (cleaned up). Defendants seeking removal are required to establish by a preponderance of the evidence that the jurisdictional amount is satisfied. *Klingspor Abrasives, Inc. v. Woolsey*, W.D.N.C. No. 5:08-CV-152, 2009 WL 367525, at *2 (W.D.N.C. Feb. 13, 2009).

15. Plaintiff alleges discrimination in violation of Title VII. Although Wellpath denies the validity and merit of Plaintiff's claims and the underlying allegations, and further denies that Plaintiff is entitled to any relief, Plaintiff's allegations establish an amount in controversy above the jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth below:

16. Plaintiff seeks economic damages, which comprise lost wage, lost pensions, and benefits. (Compl., at ¶¶ 57, 69, 75, 84). Based on Plaintiff's payroll records, Plaintiff was a full-time employee and received a salary of approximately $2,815.92 on a bi-weekly basis, as of August 17, 2022. If Plaintiff were to recover back pay from the date of separation to present, she would recover at least 132,348.24 ($1,407.96 per week for 94 weeks), before interest. Moreover, if the case proceeds to a final disposition by May 13, 2025 – approximately one year from when

Wellpath was served with the Complaint – and Plaintiff remains unemployed, the amount in controversy on lost wages would be a total of approximately $201,338.28 ($1,407.96 per week for 143 weeks).

17.     There is no precise formula for determining whether or in what sum an award of front pay should be made *Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1424 (4th Cir. 1991). Although the Fourth Circuit has not enumerated a list of factors to consider in deciding whether to award front pay, the Middle District of North Carolina and other courts have identified ten factors to determine whether front pay is appropriate: " '(1) the plaintiff's age; (2) the length of time the plaintiff was employed by the defendant employer; (3) the likelihood that plaintiff's employment would have continued absent the discrimination; (4) the length of time it will take the plaintiff, using reasonable effort, to secure comparable employment; (5) the plaintiff's work life expectancy; (6) the length of time other employees typically held the position lost; (7) the plaintiff's status as an at-will employee; (8) the plaintiff's ability to work, including the ability to work for the defendant employer; (9) the plaintiff's subjective intention to remain in the position; and (10) the plaintiff's efforts to mitigate the damages.'" *Duvall v. Novant Health Inc.*, W.D.N.C. No. 3:19-CV-00624-DSC, 2022 WL 3331263 (W.D.N.C. Aug. 11, 2022), *amended on reconsideration in part,* W.D.N.C. No. 3:19-CV-00624-DSC, 2022 WL 11271199 (W.D.N.C. Oct. 19, 2022) (citations omitted).

18.     Similarly, there is no set period in which a plaintiff is entitled to receive front pay. Generally, parties agree that awarding front pay through the date the plaintiff would have been eligible to retire is appropriate, and courts have approved these amounts even if that period spans longer than nine years. *See Tinsley v. City of Charlotte,* No. 3:16-cv-00656, 2019 WL 1874044, at *6 (W.D.N.C. Apr. 26, 2019) (citations omitted). Even conservatively estimating that Plaintiff

seeks front pay benefits for only the two years after a final disposition, the amount of future wages in controversy, in this case, would total at least an additional $146,427.84 ($73,213.92 per year for two years). Thus, if this case is adjudicated on May 13, 2025, it may reasonably be estimated that Plaintiff's claims of back pay and front pay will total an estimated $347,766.12 This is a conservative estimate, as it does not include alleged lost benefits, which adds to the jurisdictional amount.

19. In sum, although Wellpath contends that Plaintiff's claims have no merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims significantly exceeds the $75,000.00 jurisdictional threshold. Thus, this Court has original subject matter jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## V. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a). The events asserted by Plaintiff regarding her employment and giving rise to her claims allegedly occurred in Mecklenburg County, North Carolina, and Plaintiff admits that she resides in Mecklenburg County. (*Compl.* ¶ 1). Plaintiff filed the Complaint in the Superior Court of Mecklenburg County. Accordingly, venue lies in the United States District Court for the Western District of North Carolina's Charlotte Division as the District and Division encompassing Mecklenburg County.

21. Plaintiff filed the Complaint in the Mecklenburg County Superior Court of the State of North Carolina on May 8, 2024. Plaintiff purported to serve Wellpath with the Summons and Complaint on May 13, 2024. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed

6

within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

22.    In accordance with 28 U.S.C. § 1446(d), Wellpath will promptly give written notice of the filing of this Notice of Removal to Plaintiff, the only adverse party, and will also file a Notice of Filing of this Notice of Removal with the Superior Court of Mecklenburg County, a copy of which is attached hereto **as Exhibit B**.

WHEREFORE, based on the foregoing, Wellpath respectfully requests that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

This the 7th day of June, 2024.

/s/ Benjamin P. Fryer
Benjamin P. Fryer, NC Bar No. 39254
bfryer@fordharrison.com
Victoria Creta, NC Bar No. 60377
vcreta@fordharrison.com
FORDHARRISON LLP
6000 Fairview Road, Suite 1415
Charlotte, NC 28210
Telephone: 980-282-1900
Facsimile: 980-282-1949

*Attorneys for Defendant Wellpath LLC*