**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:24-cv-541**

| | |
|---|---|
| JAMIE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>WELLPATH LLC<br><br>Defendant. | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT** |

NOW COMES Defendant Wellpath LLC ("Defendant" or "Wellpath"), by and through the undersigned counsel, and responds to the individually numbered allegations in the Amended Complaint of Plaintiff Jamie Davis ("Plaintiff") as follows:

Defendant denies every allegation of the Amended Complaint except as otherwise specifically admitted, explained, or modified herein.[1]

## PARTIES

1. Plaintiff Jamie Davis (hereinafter "Ms. Davis" or "Plaintiff") is a citizen of North Carolina and resides in Mecklenburg County.

**<u>ANSWER:</u> Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 1 of the Amended Complaint and, therefore, denies the same.**

2. Defendant Wellpath LLC (hereinafter "Wellpath" or "Defendant") is a foreign corporation authorized to conduct business in the State of North Carolina. Defendant conducts substantial activity in the State of North Carolina. Defendant's registered agent for service

[1] Defendant has filed a Rule 12 Motion to Dismiss seeking to dismiss the entirety of Plaintiff's Amended Complaint. By filing this Answer, Defendant does not waive its right to seek dismissal of Plaintiff's Amended Complaint.

of process is Corporate Creations Network Inc., who is located at 15720 Brixham Hill Avenue, Suite 300, Charlotte, North Carolina 28277.

**ANSWER:** **Defendant denies that it conducts "substantial activity" in the State of North Carolina. Defendant admits the remaining allegations in Paragraph 2 of the Amended Complaint**.

3. At all times herein, Brittany Deel, LaKarameachia Allen, Shelly Taylor, Latice Hudson, Tracellar Smith, Stevie Conn, and others unnamed herein acted as employees and/or actual, apparent and/or ostensible agents of Defendant Wellpath. Their actions, inactions, deeds, misdeeds, and unlawful conduct is imputed to Defendant Wellpath under the law of agency and the doctrines of *respondeat superior*, ratification and/or condonation.

**ANSWER:** **The allegations in Paragraph 4 of the Amended Complaint are a statement of law to which no response is required. To the extent a response is required, Defendant denies the same.**

## JURISDICTION & VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims, in part, are founded upon the laws of the United States. Furthermore, this Court can exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.§ 1367.

**ANSWER:** **Defendant admits Plaintiff contends this Court has jurisdiction over this matter, but Defendant denies it has engaged in any conduct which would give rise against it in this Court.**

5. Defendant was served with a summons and complaint filed with North Carolina's General Court of Justice, Superior Court Division of Mecklenburg County, on May 13, 2024. An affidavit confirming service of process upon the Defendant was filed on May 17, 2024. Because the Mecklenburg County Superior Court could exercise personal jurisdiction over

Defendant due to Defendant's substantial business activity in the State of North Carolina and in accordance with N.C. Gen. Stat.§ 1-75.4 *et seq*., this Court can also exercise personal jurisdiction over Defendant in accordance with Federal Rule of Civil Procedure 4(k)(1)(A).

**ANSWER:** **Defendant admits this Court can exercise personal jurisdiction over Defendant, but denies it has engaged in any conduct which would give rise against it in this Court.**

6. Venue is appropriate in the Western District of North Carolina because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

**ANSWER:** **Defendant admits Plaintiff contends venue is appropriate in this Court, but Defendant denies it has engaged in any conduct which would give rise against it in this Court.**

7. Prior to the filing of this lawsuit, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On February 9, 2024, the EEOC issued to Plaintiff a right to sue letter, allowing her to file this lawsuit on or before May 9, 2024. As such, Plaintiff has exhausted all available administrative remedies.

**ANSWER:** **Defendant states the documents speak for themselves. Defendant specifically denies that Plaintiff has exhausted all available administrative remedies, which is the subject to of a pending Rule 12 Motion to Dismiss.**

## FACTS

8. Wellpath is a medical staffing company that places medical professionals in correctional facilities, inpatient and residential treatment facilities, forensic treatment facilities, and civil commitment centers.

**ANSWER:** **Defendant admits the allegations in Paragraph 8 of the Amended Complaint.**

9. Wellpath employs more than 15,000 people in 37 different states.

**ANSWER:** **Defendant admits the allegations in Paragraph 9 of the Amended Complaint.**

10. In November of 2020, Ms. Davis and Defendant formed an employee-employer relationship.

**<u>ANSWER:</u> Defendant admits the allegations in Paragraph 10 of the Amended Complaint.**

11. At the time of the formation of the employee-employer relationship, Wellpath employed more than fifteen persons, subjecting it to the provisions of N.C. Gen. Stat. §§ 143-422.2 and 95-151.

**<u>ANSWER:</u> Defendant admits only that Defendant employed more than fifteen persons at the time of the formation of the employee-employer relationship. The remaining allegations in Paragraph 11 of the Amended Complaint are a statement of law to which no response is required. To the extent a response is required, Defendant denies the same.**

12. Defendant Wellpath was required to act in good faith and deal fairly with Ms. Davis in accordance with its employer-employee relationship and the public policy of North Carolina.

**<u>ANSWER:</u> The allegations in Paragraph 12 of the Amended Complaint are a statement of law to which no response is required.**

13. Ms. Davis started her employment with Wellpath as a registered nurse.

**<u>ANSWER:</u> Defendant admits the allegations in Paragraph 13 of the Amended Complaint.**

14. Wellpath had a contract to provide nursing services to the Mecklenburg County Detention Center ("Central") as well as Mecklenburg County's Juvenile Detention Center ("North"). Ms. Davis had safety concerns about working at Central, which houses over 1,000 adult inmates (compared to about 75 juveniles at North), and that Central was an unsafe working environment where it was not uncommon for inmates to throw urine and feces at nurses.

North and Central had inmates who were jailed for violent crimes including rape and murder.

**ANSWER: Defendant admits only that it had a contract to provide nursing services to the Mecklenburg County Detention Center ("Central") and Mecklenburg County's Juvenile Detention Center ("North"). Defendant denies the remaining allegations in Paragraph 14 of the Amended Complaint**

15. North, however, also posed dangerous working conditions of which Wellpath was aware. For example, Wellpath knew or should have known of a juvenile death at North on or about November 21, 2020.

**ANSWER: Defendant denies the allegations in Paragraph 15 of the Amended Complaint.**

16. When Ms. Davis was hired, she was placed at the North facility. Wellpath assured Ms. Davis she would always have a licensed practical nurse ("LPN") working alongside her. Upon information and belief, under the contract with Mecklenburg County, Wellpath was expected to maintain staffing of two nurses each shift at North. The requirement that Ms. Davis have a partner throughout her shift was necessary to ensure her safety and prevent sexual harassment in the workplace.

**ANSWER: Defendant admits only that, when Ms. Davis was hired, she was placed at the North facility. Defendant denies the remaining allegations in Paragraph 16 of the Amended Complaint.**

17. During Ms. Davis's employment, however, Wellpath consistently failed to provide two nurses. In fact, Ms. Davis worked without a partner for most of the time during the winter of 2020.

**ANSWER: Defendant denies the allegations in Paragraph 17 of the Amended Complaint.**

18. A normal workday for Ms. Davis began at 7:00 p.m. When Ms. Davis arrived on site, she received a report from the dayshift nurses as part of the shift change. Ms. Davis started to see patients around 9:30 p.m.; however, her rounds would be suspended if there was a medical emergency, a fight, or a new admission. Ms. Davis did not receive any breaks unless she had a partner from Wellpath on site with her. There were no cameras in the clinic, and so Ms. Davis was dependent upon the Mecklenburg County Sheriff and his deputies for her safety.

**<u>ANSWER:</u> Defendant lacks sufficient information to admit or deny the allegations in Paragraph 18 of the Amended Complaint and, therefore, denies the same.**

19. Beginning in or about December 2020, Captain Donald Glass came to the medical unit multiple times a night, spending a total of about 2-3 hours with Ms. Davis. Captain Glass repeatedly made sexually inappropriate comments, creating a hostile work environment. Captain Glass repeatedly commented on Ms. Davis's looks, the size of her breasts, and his penis, which he referred to as "tube steak." Captain Glass repeatedly asked Ms. Davis if she wanted his "tube steak." He repeatedly said, "I brought you some tube steak," and would then laugh.

**<u>ANSWER:</u> Defendant lacks sufficient information to admit or deny the allegations in Paragraph 19 of the Amended Complaint and, therefore, denies the same.**

20. Captain Glass also intimidated and threatened Ms. Davis, telling her that no one liked her and that Ms. Davis had better stick with him. Captain Glass instructed Ms. Davis that she should not talk to his staff, and that Captain Glass was in a position to protect Ms. Davis's job. Captain Glass also threatened Ms. Davis that he had the power to get rid of people at the jail. Captain Glass made it clear there would be consequences if Ms. Davis opposed

him in any way. Captain Glass repeatedly said, "You do not want them to send you to Central. It's rough there." Captain Glass also said that Ms. Davis would be lucky to be with a man like him because he was financially secure. Captain Glass said, "I'm triple dippin," referring to his disability check, a check from the military, and his check for being a Captain in the Sheriff's office. Captain Glass was extremely comfortable talking this way around Ms. Davis, and assumed that Ms. Davis would continue to tolerate the harassment in order to keep her position. Ms. Davis's coworkers were also harassed by Captain Glass.

**ANSWER: Defendant lacks sufficient information to admit or deny the allegations in Paragraph 20 of the Amended Complaint and, therefore, denies the same.**

21. Ms. Davis was afraid to report the hostile work environment created by Captain Glass due to his threats and intimidation. It was also difficult for Ms. Davis to have direct contact with a Wellpath supervisor because of the late hours in which she worked, and Wellpath's placement of Ms. Davis's supervisor at Central.

**ANSWER: Defendant denies that it was difficult for Ms. Davis to have direct contact with a Wellpath supervisor. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 21 of the Amended Complaint and, therefore, denies the same.**

22. In or around April 2021, Captain Glass showed Ms. Davis his penis while both were in the clinic. Captain Glass told Ms. Davis he thought they would have sex soon. These comments frightened Ms. Davis. Ms. Davis was worried that Captain Glass would force himself upon her.

**ANSWER: Defendant lacks sufficient information to admit or deny the allegations in Paragraph 22 of the Amended Complaint and, therefore, denies the same.**

23. On or about 20 April 2021, Ms. Davis reported Captain's Glass's hostile work environment, threats, intimidation, and sexual harassment to Brittany Deel, Ms. Davis's supervisor at Wellpath. Ms. Deel told Ms. Davis that Wellpath would coordinate appropriate action with the Mecklenburg County Sheriff's department, including internal affairs. Ms. Deel thanked Ms. Davis for her report, told Ms. Davis that she had done nothing wrong. Ms. Deel told Ms. Davis to report to work as scheduled.

**ANSWER:** **Defendant admits only that Ms. Davis made a report about Captain Glass to Brittany Deel and she coordinated appropriate action with the Mecklenburg County Sheriff's department. Defendant lacks sufficient information to admit or deny the remaining allegation in Paragraph 23 of the Amended Complaint and, therefore, denies the same.**

24. On or about April 20, 2021, Ms. Davis also reported Captain Glass's sexual harassment and the hostile work environment to Chief Telisa White and Sergeant Telford with internal affairs for the Mecklenburg County Sheriff. Chief White told Ms. Davis she was going to convey Ms. Davis's concerns to Wellpath. Upon information and belief, Ms. White did, in fact, convey Ms. Davis's concerns to Wellpath directly.

**ANSWER:** **Defendant lacks sufficient information to admit or deny the allegations in Paragraph 24 of the Amended Complaint and, therefore, denies the same.**

25. With the reports of Ms. Davis, Chief White, and/or others, Defendant Wellpath knew or should have known of the ongoing sexual harassment and hostile work environment in which it placed its employees at the Mecklenburg County jail.

**ANSWER:** **Defendant denies the allegations in Paragraph 25 of the Amended Complaint.**

26. Upon information and belief, Captain Glass resigned from the Mecklenburg County Sheriff following an interview by internal affairs.

**<u>ANSWER:</u> Defendant lacks sufficient information to admit or deny the allegations in Paragraph 26 of the Amended Complaint and, therefore, denies the same.**

27. Following Captain Glass's departure, Ms. Davis's work environment became increasingly hostile — a condition of which Wellpath had actual and/or constructive knowledge. Officers at North, who were friends with Captain Glass, retaliated against Ms. Davis. She was blamed for Captain Glass's departure. The retaliation against Ms. Davis took different forms, including hostility, interference with her work, unprofessionalism, harassment, shunning, no communication, interfering with entry into the building, forcing Ms. Davis to enter through metal detectors multiple times without basis, disrespecting Ms. Davis in front of patients, and not protecting her in the workplace. Officers did nothing to intervene when patients said things to Ms. Davis like: (a) "I'll slap that bitch;" (b) "When can I go home with you?"; (c) "I would fuck the shit out of you." (d) "I am going to call" after my release "to talk to you."

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 27 of the Amended Complaint.**

28. Captain Monique Neal, who was friends with Captain Glass, permitted officers to engage in retaliation. Several incidents occurred during Captain Neal's shift that put Ms. Davis's safety in jeopardy, including:

a. When caring for a patient with known psychiatric issues, Officer Richards left Ms. Davis alone with the patient to make a phone call, instead of staying with her, which is the proper protocol.

b. When completing an admission to the medical unit, Officer Diamond Crump said she forgot something and left Ms. Davis alone although Officer Crump was required to be present for safety reasons;

c. Officer Mueller fell asleep while Ms. Davis was completing an admission to the medical unit. Ms. Davis did not report this incident because it was on Captain Neal's shift, and she was afraid of retaliation;

d. Officer Christopher King told Ms. Davis that if she did not like the patients being disrespectful, she should "cuss them out." Officer King said he did not want to be involved because he would have to complete paperwork describing what they did and what actions he took in response.

e. Officer Tao failed to intervene or help Ms. Davis when he observed a patient block and taunt Ms. Davis.

**ANSWER: Defendant lacks sufficient information to admit or deny the allegations in Paragraph 28 of the Amended Complaint and, therefore, denies the same.**

29. Upon information and belief, Ms. Davis's co-worker Tricia Stegner, reported the unsafe environment in which Wellpath placed Ms. Davis and other nurses at the Mecklenburg County jail. Ms. Davis also reported the safety issues that were rampant at North.

**ANSWER: Defendant denies the allegations in Paragraph 29 of the Amended Complaint.**

30. Meanwhile, Officer Miles Fairley continued to make Ms. Davis uncomfortable at work. Officer Fairley disrespected Ms. Davis in front of patients, and even encouraged patients to disrespect and assault her.

**ANSWER: Defendant lacks sufficient information to admit or deny the allegations in Paragraph 30 of the Amended Complaint and, therefore, denies the same.**

31. On May 23, 2022, Ms. Davis contacted Sergeant Nicole Hailey to report the inappropriate behavior of Officer Miles Fairley. Ms. Davis reported Officer Fairley: (a) yelled and jumped out at Ms. Davis, attempting to scare her in front of inmates; (b) taught inmates a disrespectful song about Ms. Davis; (c) sung the song and/or had inmates sing the song in front of Ms. Davis; (d) telling inmates he would let them out of their cells and give them a honeybun if they would hug Ms. Davis; (f) discussing Ms. Davis's body and appearance with inmates; (g) telling Ms. Davis he would not keep her safe from potentially dangerous or violent patients. Ms. Davis told Sergeant Hailey that she was afraid to report Officer Fairley due to fear of retaliation. Ms. Davis told Sergeant Hailey she was retaliated against after Ms. Davis reported Captain Glass. Officer Fairley told Ms. Davis he understood that she was the cause of Captain Glass being terminated. Upon information and belief, Sergeant Hailey conveyed Ms. Davis's complaints to Wellpath.

**ANSWER:** **Defendant denies the allegations in Paragraph 31 of the Amended Complaint.**

32. Ms. Davis also reported the officers' conduct to Wellpath directly. For example, on May 24, 2022, Ms. Davis emailed her supervisor at Wellpath, LaKarameachia Allen, to let her know that Ms. Davis reported Officer Fairley's conduct to Sergeant Hailey. Ms. Davis was very concerned about retaliation by her coworkers and other officers because of the way she was treated after reporting Officer Glass's sexual harassment. However, Ms. Davis believed she had to report Officer Fairley because her safety was truly threatened.

**ANSWER:** **Defendant admits only that Plaintiff forwarded Ms. Allen her e-mail to Sergeant Hailey. Defendant denies the remaining allegations in Paragraph 32 of the Amended complaint.**

33. Ms. Allen requested that Ms. Davis complete an incident report, and that she would forward the incident report to Major Youngblood to make her aware of the situation.

**ANSWER:** **Defendant admits the allegations in Paragraph 33 of the Amended Complaint.**

34. Shelly Taylor was also employed as a nurse with Wellpath, and continued the hostile work environment originally created by Captain Glass. Nurse Taylor treated Ms. Davis differently after she reported Captain Glass's harassment. Ms. Taylor told Ms. Davis that officers came to her asking which nurse got Captain Glass fired. Nurse Taylor knew that Captain Neal stopped speaking with Ms. Davis and prevented her from entering the detention center. Because the custody employees were retaliating against Ms. Davis, Nurse Taylor felt emboldened to make Ms. Davis's work life more difficult as well. Nurse Taylor often left before giving Ms. Davis a report from her shift. Nurse Taylor left Ms. Davis to clean up her mistakes and interfered with patient care.

**ANSWER:** **Defendant admits only that Shelly Taylor was employed with Defendant. Defendant denies the remaining allegations in Paragraph 34 of the Amended Complaint.**

35. For example, on or about November 24, 2021, Nurse Taylor left after giving a patient the wrong medication. Nurse Taylor did not chart her error, she just said "I gave him the wrong medication but he's fine, he will sleep it off." The patient had to be sent to the hospital. When the patient requested to speak with the doctor, Ms. Davis scheduled the appointment. However, Nurse Taylor removed the patient from the list to avoid the doctor becoming aware of her medication error. Further, Nurse Taylor failed to perform proper admissions

by refusing to take vital signs, record allergies, or complete patient health histories. This conduct put Ms. Davis's nursing license and patient safety at risk.

**<u>ANSWER:</u> Defendant lacks sufficient information to admit or deny the allegations in Paragraph 35 of the Amended Complaint and, therefore, denies the same.**

36. Ms. Davis reported Nurse Taylor's substandard and dangerous care to Defendant's director of nursing, Latice Hudson. After Ms. Davis's report, Ms. Hudson stopped taking Ms. Davis's phone calls, and later resigned. Ms. Davis also reported Nurse Taylor's substandard and dangerous care to her supervisor, LaKarameachia Allen.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 36 of the Amended Complaint.**

37. On June 5, 2022, Ms. Davis made additional reports to Wellpath regarding the dayshift nurses' substandard care, which included Nurse Taylor.

**<u>ANSWER:</u> Defendant admits the allegations in Paragraph 37 of the Amended Complaint.**

38. Due to her concerns for increased retaliation due to her reports of sexual harassment and retaliation and unsafe working conditions, Ms. Davis became increasingly concerned for her own safety, and retained an attorney. On June 8, 2022, Ms. Davis's attorney sent a letter to Wellpath and the Mecklenburg County Sheriff, demanding that Ms. Davis be able to work in safe conditions.

**<u>ANSWER:</u> Defendant admits only that, on June 8, 2022, Ms. Davis' attorney sent Wellpath a letter and that letter speaks for itself. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 38 of the Amended Complaint and, therefore, denies the same.**

39. On June 10, 2022, Defendant assigned Ms. Davis to Central instead of North as retaliation for her complaints.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 39 of the Amended Complaint.**

40. On June 13, 2022, Ms. Davis was excused from work by her doctor after receiving sclerotherapy.

**<u>ANSWER:</u> Defendant admits only that Ms. Davis' doctor excused her from work between June 13, 2022, and June 14, 2022. Defendant denies the remaining allegations in Paragraph 40 of the Amended Complaint.**

41. On or about July 19, 2022, Ms. Davis was released by her doctor to return to work with light duty restrictions, and no restrictions starting August 2, 2022. Defendant's director of nursing, Tracellar Smith, told Ms. Davis that she could not return to work until Ms. Davis was fully healed because there was no work for light duty. However, upon information and belief, other employees were allowed light duty assignments following medical procedures. Upon information and belief, these individuals did not report incidents of sexual harassment and unsafe working conditions.

**<u>ANSWER:</u> Defendant admits only that the Director of Nursing, Tracellar Smith, informed Plaintiff that Defendant did not have light-duty work and advised her that she would need to continue leave until she was cleared to work without any restrictions. Defendant denies the remaining allegations in Paragraph 41 of the Amended Complaint.**

42. On August 12, 2022, Ms. Davis spoke with Stevie Conn in Defendant's human resources department. Stevie Conn told Ms. Davis that Defendant did not have to provide two nurses during a shift, and that there would be times when Ms. Davis would have to work alone

due to staffing shortages. As such, Stevie Conn stated Defendant could not guarantee Ms. Davis's safety while at work.

**<u>ANSWER:</u> Defendant admits only that Plaintiff spoke with Stevie Conn about staffing on August 12, 2022. Defendant denies the remaining allegations in Paragraph 42 of the Amended Complaint.**

43. On August 16, 2022, Ms. Davis reported to work, but discovered she would be working alone. Ms. Davis was assigned to work with Officer Fairley, the individual who had sexually harassed Ms. Davis and told her that he would not assist her if she was in an unsafe situation. Ms. Davis notified her supervisor by email that she would not be working under those conditions that evening.

**<u>ANSWER:</u> Defendant admits only that Plaintiff reported to work on August 16, 2022, and found out that she would be working alone. Defendant denies the remaining allegations in Paragraph 43 of the Amended Complaint.**

44. On or about August 16, 2022, Wellpath terminated Ms. Davis's employment.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 44 of the Amended Complaint.**

45. Defendant terminated Ms. Davis's employment because she refused to submit to sexual harassment and retaliation and because she requested not to work in an unsafe environment.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 45 of the Amended Complaint.**

46. Defendant's termination of Ms. Davis was in bad faith.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 46 of the Amended Complaint.**

47. Defendant's termination of Ms. Davis violated the implied covenant of good faith and fair dealing.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 47 of the Amended Complaint.**

48. Defendant's termination of Ms. Davis was in violation of the public policy of North Carolina.

**ANSWER:** **Defendant denies the allegations in Paragraph 48 of the Amended Complaint.**

49. The following day, Ms. Davis received an email from Stevie Conn, informing her that Wellpath perceived Ms. Davis to have voluntarily resigned her position. Defendant knew Ms. Davis was willing and able to continue working and that she did not voluntarily resign.

**ANSWER:** **Defendant admits only that Ms. Davis received an email from Stevie Conn, informing her that Wellpath perceived Ms. Davis to have voluntarily resigned from her position on August 17, 2022. Defendant denies the remaining allegations in Paragraph 49 of the Amended Complaint.**

50. These acts and others were extreme and outrageous and were intentional and/or recklessly perpetrated against Plaintiff by Defendant its employees and/or agents.

**ANSWER:** **Defendant denies the allegations in Paragraph 50 of the Amended Complaint.**

51. As a direct and proximate cause of Defendant's unlawful conduct, Ms. Davis has incurred economic damages in terms of loss of earnings and a future loss of earning capacity. Ms. Davis suffered damage to her reputation.

**ANSWER:** **Defendant denies the allegations in Paragraph 51 of the Amended Complaint.**

52. Further, as a direct and proximate cause of Defendant's unlawful conduct, Ms. Davis has suffered mental distress, anguish, and other emotional damages.

**ANSWER:** **Defendant denies the allegations in Paragraph 52 of the Amended Complaint.**

53. Plaintiff has incurred damages in excess of $75,000 or in such amounts as may be demonstrated at trial.

**ANSWER: Defendant denies the allegations in Paragraph 53 of the Amended Complaint.**

**FIRST CAUSE OF ACTION**
**(Title XII Sexual Harassment and Discrimination—Hostile Work Environment)**

54. Plaintiff incorporates by reference and re-alleges each of the prior allegations as if fully set forth herein.

**ANSWER: Defendant incorporates by reference its answers to the preceding Paragraphs as if more fully set forth herein.**

55. Plaintiff is a member of a protected class—female.

**ANSWER: Defendant states the allegations in Paragraph 55 of the Amended Complaint are a statement of all to which no response is required.**

56. Plaintiff was subjected to unwelcome sexual harassment.

**ANSWER: Defendant denies the allegations in Paragraph 56 of the Amended Complaint.**

57. The harassment was based upon Plaintiff's sex.

**ANSWER: Defendant denies the allegations in Paragraph 57 of the Amended Complaint.**

58. The harassment created a hostile work environment.

**ANSWER: Defendant denies the allegations in Paragraph 58 of the Amended Complaint.**

59. Plaintiff's workplace was permeated with discriminatory behavior that was sufficiently severe or pervasive enough to create a hostile and/or abusive work environment.

**ANSWER: Defendant denies the allegations in Paragraph 59 of the Amended Complaint.**

60. Defendant knew or should have known of the sexual harassment, hostile work environment, and unsafe working conditions created, in part, by employees of the Mecklenburg County Sheriff. Defendant failed to take prompt remedial action to end the harassment, hostile work environment, and unsafe conditions in which it subjected Plaintiff.

**ANSWER:** **Defendant denies the allegations in Paragraph 60 of the Amended Complaint.**

61. Plaintiff reported the sexual harassment and the unsafe and hostile environment. Defendant retaliated against her for it.

**ANSWER:** **Defendant denies the allegations in Paragraph 61 of the Amended Complaint.**

62. Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e-2 et seq. prohibits discriminatory treatment in employment on the basis of sex. Sexual harassment and a hostile work environment are prohibited under the statute.

**ANSWER:** **Defendant states the allegations in Paragraph 62 of the Amended Complaint are a statement of all to which no response is required.**

63. The conduct and communications of Defendant and its agents and/or employees substantially interfered with Plaintiff's employment and created an intimidating, hostile, and offensive work environment, in violation of 42 U.S.C. § 2000e-2 et seq.

**ANSWER:** **Defendant denies the allegations in Paragraph 63 of the Amended Complaint.**

64. Defendant further violated 42 U.S.C. § 2000e-2 et seq. by:

a. Failing to respond promptly and properly to Ms. Davis's complaints of sexual harassment;

b. Failing to provide Ms. Davis with a safe working environment free from sexual harassment;

c. Failing to take appropriate remedial action when Defendant knew or should have known of the sexual harassment and hostile work environment it had condoned and ratified;

d. Upon information and belief, failing to properly train its agents and/or employees in creating and implementing a meaningful sexual harassment policy;

e. Hiring individuals for certain positions when Defendant knew or should have known that those individuals were unfit for their positions;

f. Failing to appropriately supervise its agents and/or employees when Defendant knew or should have known such individuals were unfit for their positions;

g. Failing to terminate and/or sanction its agents and/or employees for creating and maintaining the sexually offensive and hostile working environment; or

h. Acting in such other ways as may be demonstrated through discovery and trial.

**ANSWER:** **Defendant denies the allegations in Paragraph 64 of the Amended Complaint.**

65. Defendant's actions and inactions identified herein constitute sexual harassment and discrimination in violation of the rights secured by Title VII of the Civil Rights Act.

**ANSWER:** **Defendant denies the allegations in Paragraph 65 of the Amended Complaint.**

66. As a direct and proximate cause of Defendant's illegal conduct, Plaintiff has suffered injury in the form of, among other things, lost wages, lost pensions and benefits, emotional and

mental distress, embarrassment, and humiliation. Therefore, Plaintiff is entitled to monetary damages in an amount exceeding $75,000.00.

**<u>ANSWER:</u>** **Defendant denies the allegations in Paragraph 66 of the Amended Complaint.**

67. Plaintiff is entitled to reasonable attorney's fees as provided by law, including 42 U.S.C. § 2000e-5(k).

**<u>ANSWER:</u>** **Defendant denies the allegations in Paragraph 67 of the Amended Complaint.**

**SECOND CAUSE OF ACTION**
**(Title XII Sexual Harassment and Discrimination—Retaliatory Discharge)**

68. Plaintiff incorporates by reference and re-alleges each of the prior allegations as if fully set forth herein.

**<u>ANSWER:</u>** **Defendant incorporates by reference its answers to the preceding Paragraphs as if more fully set forth herein.**

69. Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e-3 et seq. makes it unlawful for an employer to discriminate against any of its employees because the employee has opposed an unlawful employment practice.

**<u>ANSWER:</u>** **Defendant states the allegations in Paragraph 69 of the Complaint are a statement of all to which no response is required.**

70. Plaintiff is a member of a protected class—female.

**<u>ANSWER:</u>** **Defendant states the allegations in Paragraph 70 of the Complaint are a statement of all to which no response is required.**

71. Plaintiff was subjected to unwelcome sexual harassment.

**<u>ANSWER:</u>** **Defendant denies the allegations in Paragraph 71 of the Amended Complaint.**

72. The harassment was based upon Plaintiff's sex.

**ANSWER:** **Defendant denies the allegations in Paragraph 72 of the Amended Complaint.**

73. Plaintiff's workplace was permeated with discriminatory behavior that was sufficiently severe or pervasive enough to create a hostile and/or abusive work environment.

**ANSWER:** **Defendant denies the allegations in Paragraph 73 of the Amended Complaint.**

74. Defendant knew or should have known of the sexual harassment, hostile work environment, and unsafe working conditions created, in part, by employees of the Mecklenburg County Sheriff. Defendant failed to take prompt remedial action to end the harassment, hostile work environment, and unsafe conditions in which it subjected Plaintiff.

**ANSWER:** **Defendant denies the allegations in Paragraph 74 of the Amended Complaint.**

75. Plaintiff reported the sexual harassment, and Plaintiff's reporting of such conduct constituted protected activity.

**ANSWER:** **Defendant denies the allegations in Paragraph 75 of the Amended Complaint.**

76. Due to Plaintiff's reporting of her hostile work environment, Defendant retaliated against Plaintiff. By way of example, Defendant:

a. Failed to respond promptly and properly to Ms. Davis's complaints of sexual harassment;

b. Failed to provide Ms. Davis with a safe working environment free from sexual harassment;

c. Failed to take appropriate remedial action when Defendant knew or should have known of the sexual harassment and hostile environment it condoned and ratified;

d. Upon information and belief, failed to properly train its agents and/or employees in creating and implementing a meaningful sexual harassment policy;

e. Hired individuals for certain positions when Defendant knew or should have known that those individuals were unfit for their positions;

f. Failed to appropriately supervise its agents and/or employees when Defendant knew or should have known such individuals were unfit for their positions;

g. Failed to terminate and/or sanction its agents and/or employees for creating and maintaining the sexually offensive and hostile working environment;

h. Assigned Ms. Davis to dangerous working conditions at North;

i. Terminated Ms. Davis's employment; or

j. Acted in such other ways as may be demonstrated through discovery and trial.

**ANSWER: Defendant denies the allegations in Paragraph 76 of the Amended Complaint.**

77. Plaintiff's reporting of her hostile work environment was a substantial motivating factor in Defendant's adverse action against Plaintiff.

**ANSWER: Defendant denies the allegations in Paragraph 77 of the Amended Complaint.**

78. Defendant's actions and inactions identified herein constitute sexual harassment and discrimination in violation of the rights secured by Title VII of the Civil Rights Act.

**ANSWER: Defendant denies the allegations in Paragraph 78 of the Amended Complaint.**

79. As a direct and proximate cause of Defendant's illegal conduct, Plaintiff has suffered injury in the form of, among other things, lost wages, lost pensions and benefits, emotional and

mental distress, embarrassment, and humiliation. Therefore, Plaintiff is entitled to monetary damages in an amount exceeding $25,000.00.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 79 of the Amended Complaint.**

80. Plaintiff is entitled to reasonable attorney's fees as provided by law, including 42 U.S.C. § 2000e-5(k).

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 80 of the Amended Complaint.**

**THIRD CAUSE OF ACTION**
**(Title XII Sexual Harassment and Discrimination—Constructive Discharge)**

81. Plaintiff pleads this claim in the alternative to her claim for retaliatory discharge.

**<u>ANSWER:</u> Defendant admits only that Plaintiff purports to plead this claim in the alternative to her claim for retaliatory discharge but denies any violation of law or that Plaintiff is entitled to any relief whatsoever.**

82. Plaintiff incorporates by reference and re-alleges each of the prior allegations as if fully set forth herein.

**<u>ANSWER:</u> Defendant incorporates by reference its answers to the preceding Paragraphs as if more fully set forth herein.**

83. Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e-3 et seq. makes it unlawful for an employer to discriminate against any of its employees because the employee has opposed an unlawful employment practice.

**<u>ANSWER:</u> Defendant states the allegations in Paragraph 83 of the Complaint are a statement of all to which no response is required.**

84. Plaintiff is a member of a protected class—female.

**<u>ANSWER:</u> Defendant states the allegations in Paragraph 84 of the Complaint are a statement of all to which no response is required.**

85. Plaintiff was subjected to unwelcome sexual harassment.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 85 of the Amended Complaint.**

86. The harassment was based upon Plaintiff's sex.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 86 of the Amended Complaint.**

87. Plaintiff's workplace was permeated with discriminatory behavior that was sufficiently severe or pervasive enough to create a hostile and/or abusive work environment.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 87 of the Amended Complaint.**

88. Defendant knew or should have known of the sexual harassment, hostile work environment, and unsafe working conditions created, in part, by employees of the Mecklenburg County Sheriff. Defendant failed to take prompt remedial action to end the harassment, hostile work environment, and unsafe conditions in which it subjected Plaintiff.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 88 of the Amended Complaint.**

89. Plaintiff reported the sexual harassment, and Plaintiff's reporting of such conduct constituted protected activity.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 89 of the Amended Complaint.**

90. Due to Plaintiff's reporting of her hostile work environment, Defendant retaliated against Plaintiff. By way of example, Defendant:

a. Failed to respond promptly and properly to Ms. Davis's complaints of sexual harassment;

b. Failed to provide Ms. Davis with a safe working environment free from sexual harassment;

c. Failed to take appropriate remedial action when Defendant knew or should have known of the sexual harassment and hostile environment it condoned and ratified;

d. Upon information and belief, failed to properly train its agents and/or employees in creating and implementing a meaningful sexual harassment policy;

e. Hired individuals for certain positions when Defendant knew or should have known that those individuals were unfit for their positions;

f. Failed to appropriately supervise its agents and/or employees when Defendant knew or should have known such individuals were unfit for their positions;

g. Failed to terminate and/or sanction its agents and/or employees for creating and maintaining the sexually offensive and hostile working environment;

h. Assigned Ms. Davis to dangerous working conditions; or

i. Acted in such other ways as may be demonstrated through discovery and trial.

**ANSWER:** **Defendant denies the allegations in Paragraph 90 of the Amended Complaint.**

91. Defendant made the circumstances of discrimination so intolerable that a reasonable person in Plaintiff's position would have resigned.

**ANSWER:** **Defendant denies the allegations in Paragraph 91 of the Amended Complaint.**

92. Defendant's actions and inactions identified herein constitute sexual harassment and discrimination in violation of the rights secured by Title VII of the Civil Rights Act.

**ANSWER:** **Defendant denies the allegations in Paragraph 92 of the Amended Complaint.**

93. As a direct and proximate cause of Defendant's illegal conduct, Plaintiff has suffered injury in the form of, among other things, lost wages, lost pensions and benefits, emotional and mental distress, embarrassment, and humiliation. Therefore, Plaintiff is entitled to monetary damages in an amount exceeding $75,000.00.

**ANSWER:** **Defendant denies the allegations in Paragraph 93 of the Amended Complaint.**

94. Plaintiff is entitled to reasonable attorney's fees as provided by law, including 42 U.S.C. § 2000e-5(k).

**ANSWER:** **Defendant denies the allegations in Paragraph 94 of the Amended Complaint.**

**FOURTH CAUSE OF ACTION**
**(Wrongful Discharge in Violation of Public Policy)**

95. Plaintiff incorporates by reference and re-alleges each of the prior allegations as if fully set forth herein.

**ANSWER:** **Defendant incorporates by reference its answers to the preceding Paragraphs as if more fully set forth herein.**

96. It is the public policy of the State of North Carolina to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, sex or handicap by employers which regularly employ 15 or more employees.

**ANSWER:** **Defendant states that the allegations set forth in Paragraph 96 contain legal conclusions for which no answer is required. Defendant denies any violation of law or that Plaintiff is entitled to any relief whatsoever.**

97. Defendant knew or should have known of the sexual harassment, hostile work environment, and unsafe working conditions created, in part, by employees of the

Mecklenburg County Sheriff. Defendant failed to take prompt remedial action to end the harassment, hostile work environment, and unsafe conditions in which it subjected Plaintiff.

**ANSWER:** **Defendant denies the allegations in Paragraph 97 of the Amended Complaint.**

98. The discharge of Plaintiff from employment with the Defendant was the result of a hostile work environment created, condoned, and ratified by Defendant.

**ANSWER:** **Defendant denies the allegations in Paragraph 98 of the Amended Complaint.**

99. Plaintiff's sex was a substantial factor in the creation of the hostile work environment, and Defendant's wrongful and unlawful discharge violated the public policy of State of North Carolina, including N.C. Gen. Stat. §§ 143-422.2 and 95-151.

**ANSWER:** **Defendant denies the allegations in Paragraph 99 of the Amended Complaint.**

100. In addition and/or in the alterative, Defendant did not act in good faith and deal fairly with Ms. Davis in accordance with its employer-employee relationship and the public policy of North Carolina.

**ANSWER:** **Defendant denies the allegations in Paragraph 100 of the Amended Complaint.**

101. As a direct and proximate result of the Defendant's wrongful discharge in violation of the established public policy of North Carolina, Plaintiff has suffered injury in the form of, among other things, lost wages, lost pensions and benefits, emotional and mental distress, embarrassment, and humiliation. Therefore, Plaintiff is entitled to monetary damages in an amount exceeding $75,000.00.

**ANSWER:** **Defendant denies the allegations in Paragraph 101 of the Amended Complaint.**

**FIFTH CAUSE OF ACTION**
**(Negligence, Negligent retention, and Negligent Supervision)**

102. Plaintiff incorporates by reference and re-alleges each of the prior allegations contained herein.

**<u>ANSWER:</u> Defendant incorporates by reference its answers to the preceding Paragraphs as if more fully set forth herein.**

103. Defendant owed Plaintiff a legal duty, as an employee under its care and supervision, to act as a reasonably prudent person under the same or similar circumstances. Defendant breached this duty, and thus acted negligently by:

a. Failing to properly train its agents and/or employees in creating and implementing a meaningful sexual harassment policy;

b. Hiring individuals for certain positions when Defendant knew or should have known that those individuals were unfit for their positions;

c. Failing to adequately train its agents and employees in adhering to the commands of a legitimate sexual harassment policy;

d. Failing to supervise its agents and/or employees when Defendant knew or reasonably should have known that those individuals were unfit for their positions;

e. Failing to adequately respond to legitimate sexual harassment complaints voiced by the Plaintiff in violation of established law and public policy;

f. Failing to terminate and/or sanction its employees and/or agents for creating and maintaining the sexually offensive and hostile work environment;

g. Failing to follow, enforce, adhere to or comply with one or more of the standards, rules, regulations, policies, procedures, protocols or manual provisions then in effect and applicable to this Defendant; and/or

h. Acting in such other negligent ways as may be demonstrated at trial.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 103 of the Amended Complaint.**

104. Defendant knew or should have known of the sexual harassment, hostile work environment, and unsafe working conditions created, in part, by employees of the Mecklenburg County Sheriff. Defendant failed to take prompt remedial action to end the harassment, hostile work environment, and unsafe conditions in which it subjected Plaintiff.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 104 of the Amended Complaint.**

105. It was foreseeable that Plaintiff would suffer harm as a result of Defendant's conduct and that Defendant should have exercised reasonable care to prevent such harm.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 105 of the Amended Complaint.**

106. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered injury in the form of, among other things, lost wages, lost pensions and benefits, emotional and mental distress, embarrassment, and humiliation. Therefore, Plaintiff is entitled to monetary damages in an amount exceeding $25,000.00.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 106 of the Amended Complaint.**

107. Defendants' conduct amounts to negligence and/or gross negligence.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 107 of the Amended Complaint.**

**SIXTH CAUSE OF ACTION**
**(Infliction of Emotional Distress)**

108. Plaintiff incorporates by reference and re-alleges each of the prior allegations as if fully contained herein.

**<u>ANSWER:</u> Defendant incorporates by reference its answers to the preceding Paragraphs as if more fully set forth herein.**

109. Defendant knew or should have known of the sexual harassment, hostile work environment, and unsafe working conditions created, in part, by employees of the Mecklenburg County Sheriff. Defendant failed to take prompt remedial action to end the harassment, hostile work environment, and unsafe conditions in which it subjected Plaintiff.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 109 of the Amended Complaint.**

110. Defendant engaged in extreme and outrageous conduct by condoning, ratifying, and/or creating the hostile work environment, sexually harassing the Plaintiff, and retaliating against Plaintiff for reporting the hostile environment.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 110 of the Amended Complaint.**

111. Defendant engaged in such conduct with a reckless indifference to the likelihood that these acts would cause severe emotional distress.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 111 of the Amended Complaint.**

112. Defendant's actions have, in fact, caused Plaintiff to suffer severe emotional distress.

**<u>ANSWER:</u> Defendant denies the allegations in Paragraph 112 of the Amended Complaint.**

113. Plaintiff's emotional distress has been diagnosed by a trained medical professional.

**ANSWER: Defendant lacks sufficient information to admit or deny the allegations in Paragraph 113 of the Amended Complaint and, therefore, denies the same.**

114. Plaintiff is entitled to damages in excess of $25,000.00.

**ANSWER: Defendant denies the allegations in Paragraph 114 of the Amended Complaint.**

**SEVENTH CAUSE OF ACTION**
**(Punitive Damages)**

115. Plaintiff incorporates by reference and re-alleges each of the prior allegations contained herein.

**ANSWER: Defendant incorporates by reference its answers to the preceding Paragraphs as if more fully set forth herein.**

116. The actions and/or inactions of Defendant described herein were done intentionally, maliciously, and/or wantonly with a reckless indifference to the rights of the Plaintiff.

**ANSWER: Defendant denies the allegations in Paragraph 116 of the Amended Complaint.**

117. Such willful and wanton conduct amounts to a conscious indifference for the rights of Plaintiff when Defendant knew or should have known that such conduct would likely cause harm.

**ANSWER: Defendant denies the allegations in Paragraph 117 of the Amended Complaint.**

118. Defendant should be subjected to the imposition of punitive damages in such amounts as may be awarded by a jury in accordance with federal law, including 42 U.S.C. § 2000e and/o4 42 U.S.C § 1981a.

**ANSWER: Defendant denies the allegations in Paragraph 118 of the Amended Complaint.**

119. In addition and/or in the alternative, Defendant should be subjected to the imposition of punitive damages in such amounts as may be awarded by a jury, under both the common law and the constitutional law of the State of North Carolina, and pursuant to N.C. Gen. Stat. § 1D-1 *et seq.*

**ANSWER:** **Defendant denies the allegations in Paragraph 119 of the Amended Complaint.**

## Affirmative and Other Defenses

Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matters, Defendant states the following affirmative and other defenses:

1. Plaintiff's Amended Complaint fails for the reasons set forth in Defendant's Rule 12 Motion to Dismiss.

2. Plaintiff's Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

3. Plaintiff has failed to join one or more necessary parties.

4. Plaintiff's claims are barred to the extent that she failed to timely and properly exhaust all administrative remedies.

5. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

6. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of, or are inconsistent with, any timely charge of discrimination.

7. Plaintiff's claims are barred to the extent that she failed to fulfill all statutory conditions precedent.

8. Some or all of Plaintiff's claims are barred to the extent that Plaintiff requests relief exceeding that available under the law.

9. To the extent Plaintiff has failed to mitigate her alleged damages as required by law, Plaintiff is barred from recovery.

10. To the extent Plaintiff has failed to exercise reasonable diligence to mitigate any kind of alleged damages, the recovery of such damages is barred.

11. Any actions that Defendant took concerning Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory reasons.

12. Certain alleged damages sought by Plaintiff may be barred in whole or in part by the doctrine of after-acquired evidence.

13. Defendant has always acted reasonably and in good faith towards Plaintiff.

14. Defendant has exercised due care and diligence towards Plaintiff at all times and has complied with all applicable laws.

15. Defendant prohibits harassment, discrimination, and retaliation and provides an effective available procedure by which employees can bring complaints. All such complaints are subject to prompt remedial action reasonably calculated to end any harassment, discrimination, or retaliation.

16. To the extent Plaintiff unreasonably failed to avail herself of Defendant's policies for preventing and correcting discrimination and retaliation, Plaintiff's claims are barred.

17. To the extent Plaintiff failed to allow Defendant to investigate and take appropriate remedial action concerning any allegation of discrimination or harassment, her claims are barred.

18. Defendant is entitled to all offsets allowed by law against Plaintiff's alleged damages, if any.

19. Defendant did not engage in any practice with actual malice or wanton or willful disregard for Plaintiff's rights.

20. To the extent any intentional acts occurred, those acts occurred wholly and entirely outside the scope or course of the actor's employment and were not authorized, sanctioned, or ratified by Defendant. Defendant, therefore, is not liable to Plaintiff for any such acts.

21. Defendant at all times acted reasonably and exercised ordinary care concerning hiring, supervising, and retaining its employees.

22. Defendant had no actual or constructive knowledge that any employee tended to act improperly as alleged in the Amended Complaint such that remedial action could be taken to avoid the alleged harm.

23. Plaintiff is estopped from asserting claims against Defendant because Plaintiff's own acts and omissions have caused or contributed to her alleged damages.

24. Some or all of Plaintiff's claims are barred by operation of the doctrine of waiver.

25. Some or all of Plaintiff's claims are barred by operation of the doctrine of unclean hands.

26. Defendant denies that any act or omission on Defendant's part is the proximate cause of the injuries and/or damages Plaintiff alleges in the Amended Complaint.

27. Any ailments or emotional distress Plaintiff claims to suffer are the result of other causes unrelated to Defendant.

28. Defendant has acted in good faith and has not acted willfully, deliberately, intentionally, outrageously, or with extreme indifference to the rights of Plaintiff and, thus, Plaintiff is not entitled to punitive damages on the law or the facts.

29. Defendant reserves the right to add to or amend these defenses at any time.

Respectfully submitted this 28th day of August 2024.

*/s/Victoria L. Creta*

Benjamin P. Fryer (N.C. Bar No. 39254)
Victoria L. Creta (N.C. Bar No. 60377)
FORDHARRISON LLP
6000 Fairview Road, Suite 1415
Charlotte, NC 28210
Telephone: 804-816/4100
Facsimile: 804-409-1018
bfryer@fordharrison.com
vcreta@fordharrison.com

*Attorneys for Defendant Wellpath LLC*