IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-541-DCK

| JAMIE DAVIS, | ) | |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| WELLPATH LLC, | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss" (Document No. 5) filed June 14, 2024. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the Defendant's first motion to dismiss as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1).

## DISCUSSION

Plaintiff filed an "Amended Complaint" (Document No. 7) on June 27, 2024, pursuant to Fed.R.Civ.P. 15(a)(1) which supersedes the original Complaint. Furthermore, "Defendant's Motion To Dismiss Amended Complaint" (Document No. 9) was filed on July 11, 2024. Based

on the foregoing, the undersigned will direct that "Defendant's Motion To Dismiss" (Document No. 5) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Dismiss" (Document No. 5) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: September 27, 2024

David C. Keesler
United States Magistrate Judge

2

Case 3:24-cv-00541-DCK   Document 22   Filed 09/29/24   Page 2 of 2